[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 26, 2011
JOHN LEY
CLERK

No. 11-11157
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-02205-MAP

EARL SQUIRES,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 26, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Earl Squires appeals a judgment that affirmed the denial of his application

for disability insurance benefits and supplemental security income from the Social

Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Squires challenges the finding that his part-time position as a custodian at a Duncan Donuts restaurant was substantial gainful activity for the purpose of establishing past relevant work. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

Substantial evidence supports the finding that Squires's past employment constituted substantial gainful activity. A person is not disabled if he can return to his past relevant work, 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), which includes work that he had performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it," id. §§ 404.1560(b)(1), 416.960(b)(1). In August 2005, Squires accepted a position as a custodian at a Duncan Donuts restaurant for which he was paid over $1,400 a month, which created a presumption that he had performed substantial gainful activity that year. See id. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii). The custodial tasks that Squires performed daily at Duncan Donuts ranged from cleaning floors

to making deliveries, which were significant physical and mental activities that qualified as substantial activity, notwithstanding the fact that Squires worked part-time. <u>See</u> <u>id.</u> §§ 404.1572(a), 416.972(a). Although Squires earned less in 2006 than in 2005, his work was a gainful activity because it was performed "for pay or profit." <u>Id.</u> §§ 404.1572(b), 416.972(b). Squires earned seven dollars an hour for his custodial services.

We **AFFIRM** the judgment in favor of the Commissioner.